JUDGE BUCHWALD         11 CIV 4695

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
212-425-2600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

DR. BRENDA HENRY-OFFOR and
DR. MARIE CHANTALE DAMAS,

Index No.:

            *Plaintiff*,

  -against-

**COMPLAINT**

THE CITY UNIVERSITY OF NEW YORK,
CUNY GRADUATE CENTER, and
DONALD ROBOTHAM,

**PLAINTIFFS**
            *Defendants*.
**HEREBY DEMAND A**
**TRIAL BY JURY**

-----------------------------------------------------------------X

      Plaintiffs, DR. BRENDA HENRY-OFFOR and DR. MARIE CHANTALE DAMAS, by their attorneys, THE HARMAN FIRM, P.C., as and for their Complaint against Defendants allege as follows:

### JURISDICTION AND VENUE

    1.  Jurisdiction of this Court is proper under 28 USC § 1331 (a) in that claims arise under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. The supplemental Jurisdiction of the Court is invoked over the local law cause of action pursuant to 28 U.S.C. § 1367.

    2.  Venue is properly laid in the Southern District of New York under U.S.C. §

1391(a)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

3. Plaintiffs, DR. HENRY-OFFOR (hereinafter "HENRY-OFFOR") and DR. DAMAS (hereinafter "DAMAS"), have filed charges with the Equal Employment Opportunity Commission, which issued to the Plaintiffs Right to Sue letters dated April 8, 2011 and May 13, 2011 respectively.

## PARTIES

4. Plaintiff HENRY-OFFOR is a resident of New York City, State of New York.

5. Plaintiff DAMAS is a resident of New York City, State of New York.

6. Defendant, CITY UNIVERSITY OF NEW YORK, (hereinafter "CUNY"), at all times relevant and hereinafter mentioned is a division of CUNY which houses the Office of Educational Opportunity & Diversity Programs ("OEODP").

7. Defendant, CUNY GRADUATE CENTER, (hereinafter "GRAD CENTER"), at all times relevant and hereinafter mentioned is a subset division of CUNY which includes the OEODP.

8. Defendant, DONALD ROBOTHAM (hereinafter "ROBOTHAM"), at all times relevant and hereinafter mentioned is employed by Defendant CUNY in the OEODP as Executive Officer.

## DEMAND FOR TRIAL BY JURY

9. Plaintiff demands a trial by jury.

## FACTUAL BACKGROUND

10. Plaintiff HENRY-OFFOR and Plaintiff DAMAS are Caribbean African-American women, born in Trinidad & Tobago and Haiti, respectively.

2

11. The Plaintiffs were subjected to repeated discrimination with respect to the terms and conditions of their employment with Defendants. The discrimination is based on race, ethnicity, and gender.

12. Defendant ROBOTHAM is a Caribbean African-American male, who upon information and belief was born in Jamaica but has heritage in England.

13. Defendant ROBOTHAM engaged in a campaign of discrimination against Carribeans that ultimately resulted in the termination of Plaintiffs' employment.

14. On or about October 2007, Julia Wrigley, then the Acting Associate Provost of CUNY, created the position of Director of Program Development in Higher Education Officer Series for Plaintiff DAMAS.

15. In the fall of 2008, Plaintiff HENRY-OFFOR began working at CUNY Graduate Center as CUNY Pipeline Coordinator.

16. On or about April 2008, ROBOTHAM was appointed Executive Officer of OEODP, his job description including that he would be in the office only two days a week and that Plaintiff DAMAS remained effectively in charge of OEODP.

17. Plaintiff DAMAS was appointed Deputy Executive Officer by the Acting Provost Julia Wrigley.

### Robotham Discrimination against Caribbeans Creates a Hostile Work Environment

18. On or about April 29, 2008, Defendant ROBOTHAM unilaterally decided to demote Plaintiff DAMAS by removing her title as Deputy Executive Officer and relegating Plaintiff DAMAS to a program administrator role, which Defendant ROBOTHAM had no authority to do. This demotion was based in large part on the fact that Plaintiff DAMAS is Caribbean.

19. On or about September 8, 2008, in the first staff meeting with all OEODP senior staff members present, Plaintiff HENRY-OFFOR and Plaintiff DAMAS, <u>Defendant ROBOTHAM repeatedly commented openly that there were "too many Caribbeans in the office" and individually asked each staff member their nationality.</u>

20. The only other staff at the meeting was Ms. Alida Roja, the Assistant Program Officer, who upon information and belief is a white Hispanic whose parents are from Puerto Rico and does not speak Spanish.

21. During this meeting, Defendant ROBOTHAM bragged that his grandmother was British and his lineage as well as education was superior to others in the room, having been educated at Cambridge and the University of Chicago, all in a discriminatory effort to identify himself as in a superior class to other Caribbean staff members.

22. Defendant ROBOTHAM repeated his allegations that there were too many Caribbeans in the office

    i. on or about September 8, 2009 in a Black Male Initiative (BMI) meeting with Plaintiff DAMAS, Mr. Elliot Dawes, and Mr. Jermaine Wright;
    ii. on or about September 2008 in the common area of the OEODP Suite in the afternoon;
    iii. on or about February 2009 during a meeting with Plaintiff HENRY-OFFOR and afternoon recruitment;
    iv. on or about March 2009 during a morning new cohort intake;
    v. on or about May 2009 during preparation for a recognition ceremony;
    vi. on or about June or July 2009 during a Pipeline Fellows Mingling in the common area of OEODP; and
    vii. on or about February 2010 during an office meeting with Plaintiff HENRY-OFFOR.

23. Present to hear Defendant ROBOTHAM'S repeated statements that he thought there were too many Caribbeans in the office included, but were not limited to, Plaintiff HENRY-OFFOR, Plaintiff DAMAS, Assistant Program Officer Ms. Rojas, and Pipeline Assistant Coordinator G. Talipzhanova.

24. Beginning in October 2008, Defendant ROBOTHAM began usurping job duties from Plaintiff DAMAS and assigning them to Ms. Rojas in order to justify dismissing Plaintiff DAMAS because she is Caribbean.

25. Defendant ROBOTHAM gave Ms. Rojas authority she was not qualified to have and facilitated disorganization and inefficiency in the office, which was later blamed on the Plaintiffs.

26. In February 2009, Ms. Rojas, who had been given all authority regarding managing payments that once belonged to Plaintiff HENRY-OFFOR, failed to submit the required paperwork to request payment for one of Plaintiff HENRY-OFFOR's teaching assistants.

27. Defendant ROBOTHAM, despite knowing that he had eliminated all power of Plaintiff HENRY-OFFOR to manage any type of payroll or payroll submission, publically humiliated Plaintiff HENRY-OFFOR for the error, blaming her entirely in front of the staff and teaching assistant, all in a discriminatory effort to illegally discredit her work performance.

28. In early April 2009, Plaintiff HENRY-OFFOR, after confronting Ms. Rojas directly about sending out correspondence with Plaintiff HENRY-OFFOR's name without permission, addressed the issue with Defendant ROBOTHAM.

29. Plaintiff HENRY-OFFOR told Defendant ROBOTHAM directly that Ms. Rojas was sending out memos and other correspondence to faculty and students with Plaintiff HENRY-OFFOR's name and not allowing Plaintiff HENRY-OFFOR the opportunity to proof read or even see the memos before being they were sent out in mass, which memos were riddled with grammatical and spelling errors that greatly embarrassed

Plaintiff HENRY-OFFOR who has a Ph.D in English.

30. Despite addressing her concerns directly to Defendant ROBOTHAM regarding the memos and letters being sent out with her name, nothing was done by Defendant ROBOTHAM to correct the situation. Defendant ROBOTHAM's refusal to act was part of an ongoing discriminatory effort to eliminate Plaintiff HENRY-OFFOR's position.

31. Defendant ROBOTHAM deliberately facilitated the sabotage directed at Plaintiff HENRY-OFFOR and refused to address any employment-related issues raised by Plaintiffs.

32. On or about April 29, 2009, Defendant ROBOTHAM met with Plaintiff DAMAS and further reduced her job duties, unilaterally relegating her job duties to almost nothing more than assistant work, solely because of his discriminatory animus against Caribbean workers. During this meeting, Defendant ROBOTHAM told Plaintiff DAMAS that she could not work or speak with any CUNY faculty, the Graduate Center President, Provost, and Associate Provosts because she was nothing more than an administrator. Defendant ROBOTHAM also said that even with her Ph.D, Plaintiff DAMAS was not equal to them, meaning all other faculty and staff with Ph.Ds.

33. During this meeting, Defendant ROBOTHAM, with both one arm and one leg propped up on the arm of his chair in an inappropriate position, threatened Plaintiff DAMAS, attempting to force her sign statements which were blatantly false and with which Plaintiff DAMAS did not agree.

34. Plaintiff DAMAS reported Defendant ROBOTHAM'S inappropriate behavior to her union and Defendant ROBOTHAM was forced to rewrite Plaintiff DAMAS'

evaluation.

35. On or about August 2009, Defendant ROBOTHAM insulted Plaintiff DAMAS in front of Ms. Rojas, harassing Plaintiff DAMAS and accusing her of not doing a job that was supposed to be done by Ms. Rojas.

36. On or about August 21, 2009, Plaintiff DAMAS wrote the BMI proposal which was emailed to Defendant ROBOTHAM with her name on the cover sheet; Defendant ROBOTHAM did not assist in authoring the document in any way but only added his comments.

37. Defendant ROBOTHAM removed Plaintiff DAMAS' name entirely from the proposal and submitted it as his own to CUNY Graduate Center President Kelly to sign and then emailed the scanned signed copy to Plaintiff DAMAS to send to Mr. Elliott Dawes, BMI's Program Director. Defendant ROBOTHAM did this because Plaintiff DAMAS could not report this to Assistant Provost Lennihan and President Kelly who are his "friends".

38. On or about October 2009, Plaintiff HENRY-OFFOR received the honor Most Outstanding CUNY Student Mentor Award through the CUNY Honors Program at the Macaulay Honors Conference.

39. Immediately after being presented with the award, Plaintiff HENRY-OFFOR informed Defendant ROBOTHAM of the award.

40. Upon finding out about the award, Associate Provost Lennihan demanded a meeting with both Defendant ROBOTHAM and Plaintiff HENRY-OFFOR, berating Plaintiff HENRY-OFFOR for her "unilateral" changes in the CUNY pipeline program and demanding that all further communications between her and senior CUNY staff be

directed exclusively through Defendant ROBOTHAM.

41. Although it was Defendant ROBOTHAM's job to report to senior CUNY staff about the programs he oversaw, he wholly failed to do so with regard to the pipeline program.

42. On or about December 2009, communication in the office further broke down because of Defendant ROBOTHAM's discriminatory actions.

43. On or about August 2009, Plaintiff HENRY-OFFOR and DAMAS were no longer included in any decisions regarding OEODP; all decisions were held exclusively between Defendant ROBOTHAM and Ms. Rojas behind closed doors.

44. Shortly thereafter, Defendant ROBOTHAM declared that there was no purpose in complaining to anyone about the situation at the OEODP because he was personal friends with Provost Lennihan and President Kelly.

45. On April 29, 2010, both Plaintiff HENRY-OFFOR and Plaintiff DAMAS were informed their contracts would not be renewed by CUNY.

46. Defendant ROBOTHAM, while delivering the terminations to both Plaintiff HENRY-OFFOR and Plaintiff DAMAS, informed them that the decision had been made by "the people at the top, not [him]."

47. However, on or about May 2010 in a conversation with President Kelly, Plaintiff Dr. DAMAS was told that Defendant ROBOTHAM had in fact been the one to terminate both Plaintiff HENRY-OFFOR and Plaintiff DAMAS under the pretext of creating more money for student fellowships.

## FIRST CAUSE OF ACTION

48. Plaintiff HENRY-OFFOR and DAMAS repeat and reallege each and every allegation contained in paragraphs "1" though "47" with the same force and effect as if separately alleged and reiterated herein.

49. Defendant CUNY and ROBOTHAM subjected Plaintiffs HENRY-OFFOR and DAMAS to race discrimination, national origin discrimination, disparate treatment, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

50. As a result, Plaintiffs HENRY-OFFOR and DAMAS suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

51. Plaintiff HENRY-OFFOR and DAMAS repeat and reallege each and every allegation contained in paragraphs "1" though "47" with the same force and effect as if separately alleged and reiterated herein.

52. Defendant CUNY and ROBOTHAM subjected Plaintiffs HENRY-OFFOR and DAMAS to race discrimination, national origin discrimination, disparate treatment, and a hostile work environment in violation of the New York City Human Administrative Code § 8-101, *et seq.*

53. As a result, Plaintiffs HENRY-OFFOR and DAMAS suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

(i) On the First Cause of Action, actual damages to be determined at trial, but in no event less than $1,000,000;

(ii) On the Second Cause of Action, actual damages to be determined at trial, but in no event less than $1,000,000;

(iii) Disbursements and other costs; and

(iv) For such other and further relief which the Court deems just and proper.

Dated:   New York, New York
         July 7, 2011

*[signature]*
Walker G. Harman, Jr.
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600