# THE HARMAN FIRM, PC

ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, NEW YORK, NY 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/10/2013

July 9, 2013

**VIA EMAIL: Failla_NYSDChambers@nysd.uscourts.gov**

Hon. Katherine Polk Failla
United States District Court for the
 Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

      **Re:**    *Henry-Offor v. CUNY*, 11 CV 4695 (KPF)(DCF) (S.D.N.Y.)

Your Honor:

Pursuant to Your Honor's June 20, 2013 Order (Docket Entry 30), the parties write jointly to the Court:

**Nature of the Case**

Plaintiffs, Dr. Brenda Offor and Dr. Chantale Damas, are self-described Caribbeans with dark skin and Ph.D's. They claim that, until 2010, they were working for Defendants, in the Office of Educational Opportunity and Diversity Program ("OEODP") at the Graduate Center of the City University of New York (CUNY). They claim that in 2010, Defendant Donald Robotham, the Executive Officer of the OEODP, unilaterally terminated their employment due his elitism and his preference for non-Caribbeans—specifically light-skinned people—in his office.

Defendants deny that plaintiffs' non-reappointment was motivated by discriminatory animus and submit that the Plaintiffs were not reappointed to their positions because the OEODP was restructured to maximize student participation in managing the OEODP programs.

**Subject Matter Jurisdiction and Venue**

Plaintiffs' Complaint set forth claims of race and national origin discrimination, disparate treatment, and a hostile work environment under both Title VII of the Civil Rights Act of 1964 as well as the New York City Human Rights Law (NYCHRL) against both Defendants CUNY and Dr. Robotham. *See Complaint*, ¶¶ 1, 49, 52. "The supplemental Jurisdiction of the Court is invoked over the local law cause of action pursuant to 28 U.S.C. § 1367" and "[v]enue is proper[] . . . under 28 U.S.C. § 1391(a)(2), in that a substantial part of the . . . claims occurred in the [S.D.N.Y.]. *Id.*, ¶ 2–3. Defendants agree that subject matter jurisdiction and venue are present in this case.

**Motions Decided and Intended**

Defendants moved to dismiss the complaint on November 17, 2011. In June 2012, United States District Judge Naomi Reice Buchwald granted Defendants' Motion to Dismiss as to: (i) Plaintiffs' claims under Title VII against Dr. Robotham; (ii) Dr. Damas's claims under Title VII against CUNY relating to events prior to Dec. 22, 2009 (including Dr. Damas's hostile work environment claim); and (iii) Plaintiffs' NYCHRL claims against CUNY. Following the Motion to Dismiss, the remaining claims are: (i) Plaintiffs' NYCHRL claims against Dr. Robotham and (ii) Plaintiffs' undismissed Title VII claims against CUNY.

If the case does not settle, Defendants anticipate filing a motion for summary judgment. The principal legal grounds in support of the motion are that: (1) Plaintiffs have failed to establish a prima facie case of discrimination; (2) Plaintiffs were not re-appointed for legitimate, non-discriminatory reasons, and they cannot establish that those reasons were a pretext for discrimination; and (3) Plaintiff Henry-Offor cannot prevail on her claim for a hostile work environment because her work environment was not objectively hostile nor did she subjectively perceive her work environment to be hostile.

**Discovery**

Depositions have concluded. Four (4) individuals were deposed: the three (3) named Parties and a third-party witness, a former assistant to one of the Plaintiffs, whose deposition was taken by Defendants.

Both paper and electronic discovery have been exchanged. The majority of discovery has concluded, and the remaining discovery issues are as follows: Defendants await the receipt of a letter confirming that Plaintiff Henry-Offor has no further documents regarding consulting positions, workshops, or other employment positions; signed employment releases for Plaintiff Henry-Offor; responses under oath from Plaintiff Damas to interrogatories 4, 5, 6, 7, 8, 9, 11, 14,15, and 16; amended responses under oath from Plaintiff Henry-Offor to interrogatories 5, 6, and 7; and a computative analysis of damages from Plaintiff Henry-Offor, as stated in her initial response to interrogatory 6. Plaintiff Henry-Offor has agreed to withdraw with prejudice any claim for lost wages, benefits, and economic damages and defendants await a stipulation from Plaintiff embodying that agreement. If such a stipulation and a further agreement that Plaintiff Henry-Offor will not submit any evidence of diminished employment in support of compensatory damage claims is not reached, defendants will pursue discovery of Plaintiff Henry-Offor's tax returns. It is Plaintiffs' position that the discovery period has concluded, but Plaintiffs have agreed to informally work with Defendants to address some of the outstanding discovery issues.

**Damages**

For the purposes of FED. R. CIV. P. 26(a)(1)(A)(iii), Plaintiffs damages are set forth in their Prayer for Relief. *See Complaint* at 10. Namely, they are one million dollars ($1,000,000) for their claims under Title VII and one million dollars ($1,000,000) for their claims under the

NYCHRL. Defendants object that a more detailed computation of each category of damages is required under Fed. R. Civ. P. 26(a)(1)(A) (iii).

**Procedural Posture and Upcoming Deadlines**

Judge Ronnie Abrams, the District Judge previously assigned to the case, had issued an order dated May 7, 2013 directing the parties to submit a joint letter once discovery was fully completed. Since there were still open issues on discovery while Judge Abrams was assigned to the case, the parties did not submit such a letter.

**Mediation and Settlement Discussions**

The case was referred to mandatory mediation and the parties engaged in a mediation session in September 2012, which was unsuccessful. Mediation is currently postponed indefinitely, although the parties are not unwilling to engage in further mediation.

Plaintiffs issued an initial settlement demand prior to the mediation session and a subsequent demand in June 2013. Defendants are currently engaged in internal discussions regarding the possibility of settlement.

We thank the Court for its time and attention to these matters.

Respectfully submitted for the Parties,
THE HARMAN FIRM, PC

_____s/_____
Walker G. Harman, Jr.

cc: Elyce N. Matthews, Esq. (via email)
Alissa S. Wright, Esq. (via email)
Christine A. Ryan, Esq. (via email)
Kimberly S. Thomsen (via email)

# Exhibit A

JUDGE BUCHWALD    11 CIV 4695

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
212-425-2600

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

DR. BRENDA HENRY-OFFOR and
DR. MARIE CHANTALE DAMAS,

                *Plaintiff*,

-against-

THE CITY UNIVERSITY OF NEW YORK,
CUNY GRADUATE CENTER, and
DONALD ROBOTHAM,

                *Defendants*.

------------------------------------------------------------X



Index No.:

**COMPLAINT**

**PLAINTIFFS
HEREBY DEMAND A
TRIAL BY JURY**

    Plaintiffs, DR. BRENDA HENRY-OFFOR and DR. MARIE CHANTALE DAMAS, by their attorneys, THE HARMAN FIRM, P.C., as and for their Complaint against Defendants allege as follows:

### JURISDICTION AND VENUE

    1.    Jurisdiction of this Court is proper under 28 USC § 1331 (a) in that claims arise under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. The supplemental Jurisdiction of the Court is invoked over the local law cause of action pursuant to 28 U.S.C. § 1367.

    2.    Venue is properly laid in the Southern District of New York under U.S.C. §

1391(a)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

3. Plaintiffs, DR. HENRY-OFFOR (hereinafter "HENRY-OFFOR") and DR. DAMAS (hereinafter "DAMAS"), have filed charges with the Equal Employment Opportunity Commission, which issued to the Plaintiffs Right to Sue letters dated April 8, 2011 and May 13, 2011 respectively.

## PARTIES

4. Plaintiff HENRY-OFFOR is a resident of New York City, State of New York.

5. Plaintiff DAMAS is a resident of New York City, State of New York.

6. Defendant, CITY UNIVERSITY OF NEW YORK, (hereinafter "CUNY"), at all times relevant and hereinafter mentioned is a division of CUNY which houses the Office of Educational Opportunity & Diversity Programs ("OEODP").

7. Defendant, CUNY GRADUATE CENTER, (hereinafter "GRAD CENTER"), at all times relevant and hereinafter mentioned is a subset division of CUNY which includes the OEODP.

8. Defendant, DONALD ROBOTHAM (hereinafter "ROBOTHAM"), at all times relevant and hereinafter mentioned is employed by Defendant CUNY in the OEODP as Executive Officer.

## DEMAND FOR TRIAL BY JURY

9. Plaintiff demands a trial by jury.

## FACTUAL BACKGROUND

10. Plaintiff HENRY-OFFOR and Plaintiff DAMAS are Caribbean African-American women, born in Trinidad & Tobago and Haiti, respectively.

11. The Plaintiffs were subjected to repeated discrimination with respect to the terms and conditions of their employment with Defendants. The discrimination is based on race, ethnicity, and gender.

12. Defendant ROBOTHAM is a Caribbean African-American male, who upon information and belief was born in Jamaica but has heritage in England.

13. Defendant ROBOTHAM engaged in a campaign of discrimination against Carribeans that ultimately resulted in the termination of Plaintiffs' employment.

14. On or about October 2007, Julia Wrigley, then the Acting Associate Provost of CUNY, created the position of Director of Program Development in Higher Education Officer Series for Plaintiff DAMAS.

15. In the fall of 2008, Plaintiff HENRY-OFFOR began working at CUNY Graduate Center as CUNY Pipeline Coordinator.

16. On or about April 2008, ROBOTHAM was appointed Executive Officer of OEODP, his job description including that he would be in the office only two days a week and that Plaintiff DAMAS remained effectively in charge of OEODP.

17. Plaintiff DAMAS was appointed Deputy Executive Officer by the Acting Provost Julia Wrigley.

### Robotham Discrimination against Caribbeans Creates a Hostile Work Environment

18. On or about April 29, 2008, Defendant ROBOTHAM unilaterally decided to demote Plaintiff DAMAS by removing her title as Deputy Executive Officer and relegating Plaintiff DAMAS to a program administrator role, which Defendant ROBOTHAM had no authority to do. This demotion was based in large part on the fact that Plaintiff DAMAS is Caribbean.

3

19. On or about September 8, 2008, in the first staff meeting with all OEODP senior staff members present, Plaintiff HENRY-OFFOR and Plaintiff DAMAS, <u>Defendant ROBOTHAM repeatedly commented openly that there were "too many Caribbeans in the office" and individually asked each staff member their nationality.</u>

20. The only other staff at the meeting was Ms. Alida Roja, the Assistant Program Officer, who upon information and belief is a white Hispanic whose parents are from Puerto Rico and does not speak Spanish.

21. During this meeting, Defendant ROBOTHAM bragged that his grandmother was British and his lineage as well as education was superior to others in the room, having been educated at Cambridge and the University of Chicago, all in a discriminatory effort to identify himself as in a superior class to other Caribbean staff members.

22. Defendant ROBOTHAM repeated his allegations that there were too many Caribbeans in the office

    i. on or about September 8, 2009 in a Black Male Initiative (BMI) meeting with Plaintiff DAMAS, Mr. Elliot Dawes, and Mr. Jermaine Wright;
    ii. on or about September 2008 in the common area of the OEODP Suite in the afternoon;
    iii. on or about February 2009 during a meeting with Plaintiff HENRY-OFFOR and afternoon recruitment;
    iv. on or about March 2009 during a morning new cohort intake;
    v. on or about May 2009 during preparation for a recognition ceremony;
    vi. on or about June or July 2009 during a Pipeline Fellows Mingling in the common area of OEODP; and
    vii. on or about February 2010 during an office meeting with Plaintiff HENRY-OFFOR.

23. Present to hear Defendant ROBOTHAM'S repeated statements that he thought there were too many Caribbeans in the office included, but were not limited to, Plaintiff HENRY-OFFOR, Plaintiff DAMAS, Assistant Program Officer Ms. Rojas, and Pipeline Assistant Coordinator G. Talipzhanova.

24. Beginning in October 2008, Defendant ROBOTHAM began usurping job duties from Plaintiff DAMAS and assigning them to Ms. Rojas in order to justify dismissing Plaintiff DAMAS because she is Caribbean.

25. Defendant ROBOTHAM gave Ms. Rojas authority she was not qualified to have and facilitated disorganization and inefficiency in the office, which was later blamed on the Plaintiffs.

26. In February 2009, Ms. Rojas, who had been given all authority regarding managing payments that once belonged to Plaintiff HENRY-OFFOR, failed to submit the required paperwork to request payment for one of Plaintiff HENRY-OFFOR's teaching assistants.

27. Defendant ROBOTHAM, despite knowing that he had eliminated all power of Plaintiff HENRY-OFFOR to manage any type of payroll or payroll submission, publically humiliated Plaintiff HENRY-OFFOR for the error, blaming her entirely in front of the staff and teaching assistant, all in a discriminatory effort to illegally discredit her work performance.

28. In early April 2009, Plaintiff HENRY-OFFOR, after confronting Ms. Rojas directly about sending out correspondence with Plaintiff HENRY-OFFOR's name without permission, addressed the issue with Defendant ROBOTHAM.

29. Plaintiff HENRY-OFFOR told Defendant ROBOTHAM directly that Ms. Rojas was sending out memos and other correspondence to faculty and students with Plaintiff HENRY-OFFOR's name and not allowing Plaintiff HENRY-OFFOR the opportunity to proof read or even see the memos before being they were sent out in mass, which memos were riddled with grammatical and spelling errors that greatly embarrassed

Plaintiff HENRY-OFFOR who has a Ph.D in English.

30. Despite addressing her concerns directly to Defendant ROBOTHAM regarding the memos and letters being sent out with her name, nothing was done by Defendant ROBOTHAM to correct the situation. Defendant ROBOTHAM's refusal to act was part of an ongoing discriminatory effort to eliminate Plaintiff HENRY-OFFOR's position.

31. Defendant ROBOTHAM deliberately facilitated the sabotage directed at Plaintiff HENRY-OFFOR and refused to address any employment-related issues raised by Plaintiffs.

32. On or about April 29, 2009, Defendant ROBOTHAM met with Plaintiff DAMAS and further reduced her job duties, unilaterally relegating her job duties to almost nothing more than assistant work, solely because of his discriminatory animus against Caribbean workers. During this meeting, Defendant ROBOTHAM told Plaintiff DAMAS that she could not work or speak with any CUNY faculty, the Graduate Center President, Provost, and Associate Provosts because she was nothing more than an administrator. Defendant ROBOTHAM also said that even with her Ph.D, Plaintiff DAMAS was not equal to them, meaning all other faculty and staff with Ph.Ds.

33. During this meeting, Defendant ROBOTHAM, with both one arm and one leg propped up on the arm of his chair in an inappropriate position, threatened Plaintiff DAMAS, attempting to force her sign statements which were blatantly false and with which Plaintiff DAMAS did not agree.

34. Plaintiff DAMAS reported Defendant ROBOTHAM'S inappropriate behavior to her union and Defendant ROBOTHAM was forced to rewrite Plaintiff DAMAS'

evaluation.

35. On or about August 2009, Defendant ROBOTHAM insulted Plaintiff DAMAS in front of Ms. Rojas, harassing Plaintiff DAMAS and accusing her of not doing a job that was supposed to be done by Ms. Rojas.

36. On or about August 21, 2009, Plaintiff DAMAS wrote the BMI proposal which was emailed to Defendant ROBOTHAM with her name on the cover sheet; Defendant ROBOTHAM did not assist in authoring the document in any way but only added his comments.

37. Defendant ROBOTHAM removed Plaintiff DAMAS' name entirely from the proposal and submitted it as his own to CUNY Graduate Center President Kelly to sign and then emailed the scanned signed copy to Plaintiff DAMAS to send to Mr. Elliott Dawes, BMI's Program Director. Defendant ROBOTHAM did this because Plaintiff DAMAS could not report this to Assistant Provost Lennihan and President Kelly who are his "friends".

38. On or about October 2009, Plaintiff HENRY-OFFOR received the honor Most Outstanding CUNY Student Mentor Award through the CUNY Honors Program at the Macaulay Honors Conference.

39. Immediately after being presented with the award, Plaintiff HENRY-OFFOR informed Defendant ROBOTHAM of the award.

40. Upon finding out about the award, Associate Provost Lennihan demanded a meeting with both Defendant ROBOTHAM and Plaintiff HENRY-OFFOR, berating Plaintiff HENRY-OFFOR for her "unilateral" changes in the CUNY pipeline program and demanding that all further communications between her and senior CUNY staff be

directed exclusively through Defendant ROBOTHAM.

41. Although it was Defendant ROBOTHAM's job to report to senior CUNY staff about the programs he oversaw, he wholly failed to do so with regard to the pipeline program.

42. On or about December 2009, communication in the office further broke down because of Defendant ROBOTHAM's discriminatory actions.

43. On or about August 2009, Plaintiff HENRY-OFFOR and DAMAS were no longer included in any decisions regarding OEODP; all decisions were held exclusively between Defendant ROBOTHAM and Ms. Rojas behind closed doors.

44. Shortly thereafter, Defendant ROBOTHAM declared that there was no purpose in complaining to anyone about the situation at the OEODP because he was personal friends with Provost Lennihan and President Kelly.

45. On April 29, 2010, both Plaintiff HENRY-OFFOR and Plaintiff DAMAS were informed their contracts would not be renewed by CUNY.

46. Defendant ROBOTHAM, while delivering the terminations to both Plaintiff HENRY-OFFOR and Plaintiff DAMAS, informed them that the decision had been made by "the people at the top, not [him]."

47. However, on or about May 2010 in a conversation with President Kelly, Plaintiff Dr. DAMAS was told that Defendant ROBOTHAM had in fact been the one to terminate both Plaintiff HENRY-OFFOR and Plaintiff DAMAS under the pretext of creating more money for student fellowships.

## FIRST CAUSE OF ACTION

48. Plaintiff HENRY-OFFOR and DAMAS repeat and reallege each and every allegation contained in paragraphs "1" though "47" with the same force and effect as if separately alleged and reiterated herein.

49. Defendant CUNY and ROBOTHAM subjected Plaintiffs HENRY-OFFOR and DAMAS to race discrimination, national origin discrimination, disparate treatment, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

50. As a result, Plaintiffs HENRY-OFFOR and DAMAS suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

51. Plaintiff HENRY-OFFOR and DAMAS repeat and reallege each and every allegation contained in paragraphs "1" though "47" with the same force and effect as if separately alleged and reiterated herein.

52. Defendant CUNY and ROBOTHAM subjected Plaintiffs HENRY-OFFOR and DAMAS to race discrimination, national origin discrimination, disparate treatment, and a hostile work environment in violation of the New York City Human Administrative Code § 8-101, *et seq.*

53. As a result, Plaintiffs HENRY-OFFOR and DAMAS suffered damages for past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

(i)    On the First Cause of Action, actual damages to be determined at trial, but in no event less than $1,000,000;

(ii)    On the Second Cause of Action, actual damages to be determined at trial, but in no event less than $1,000,000;

(iii)    Disbursements and other costs; and

(iv)    For such other and further relief which the Court deems just and proper.


Dated:    New York, New York
            July 7, 2011

*[signature: Walker Harman, Jr.]*

Walker G. Harman, Jr.
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600

# Exhibit B

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/1/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DR. BRENDA HENRY-OFFOR and
DR. MARIE CHANTAL DAMAS,

                                Plaintiffs,
      -against-

THE CITY UNIVERSITY OF NEW
YORK, CUNY GRADUATE CENTER, and
DONALD ROBOTHAM,

                              Defendants.
-------------------------------------------------------X

**CASE MANAGEMENT PLAN AND
SCHEDULING ORDER**

11 Civ. 4695 (RA)(DCF)

RONNIE ABRAMS, United States District Judge:

       Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

       1.    All parties do not consent to disposition of this case by a United States Magistrate Judge. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

       2.    This case is to be tried to a jury.

       3.    No additional parties may be joined after ___November 15, 2012___ without leave of the Court.

       4.    No additional causes of action or defenses may be asserted after ___November 15, 2012___ without leave of the Court.

       5.    Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than ___November 30, 2012___.

       6.    All fact discovery is to be completed no later than ___April 29, 2013___.

7.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

   a.  Initial requests for production of documents shall be served by ___January 14, 2013___.

   b.  Interrogatories shall be served by ___January 14, 2013___.

   c.  Depositions shall be completed by ___April 29, 2013___.

   d.  Requests to Admit shall be served no later than ___April 29, 2013___.

8.  All expert disclosures, including reports, production of underlying documents, and depositions shall be completed by ___April 29, 2013___.

9.  All discovery shall be completed no later than ___April 29, 2013___.

10. The Court will conduct a post-discovery conference on ___May 10, 2013___ at ___11:45 a.m.___. No later than one week in advance of the conference, the parties are to submit a joint letter updated the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

11. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 5 of the Court's Individual Rules and Practices shall be due thirty (30) days from the close of discovery, or if any dispositive motion is filed, thirty (30) days from the Court's decision on such motion. This case shall be trial

ready sixty (60) days from the close of discovery or the Court's decision on any dispositive motion.

12. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a.    \_\_\_\_ Referral to a Magistrate Judge for settlement discussions.

    b.    \_X\_ Referral to the Southern District's Mediation Program.

    c.    \_\_\_\_ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. The parties have conferred and their present best estimate of the length of trial is _____.

> The Court is unlikely to grant any further extensions.

SO ORDERED.

Dated: March 1, 2013
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge